William H. Grae, Esq. (NJ Attorney ID: WG059311994)
GALLO VITUCCI KLAR, LLP
Three University Plaza Dr, Ste 402
Hackensack, NJ 07601
(201) 343-1166 NJ Office
(212) 683-7100, ext 115/
(201) 312-632 Direct
Wgrae@GVLaw.com
*Attorneys for Defendants GEMINI MOTORS NJ LLC, d/b/a BUICK GMC OF MAHWAH and BRIAN DENNIS*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
DOCKET NO.: _____

| | |
|---|---|
| MATTHEW RUBENACKER, on behalf of himself and those similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>GEMINI MOTORS NJ, LLC, d/b/a BUICK GMC OF MAHWAH; and BRIAN DENNIS, JOHN DOES 1-10, UNKNOWN MANAGEMENT OR OWNERSHIP,<br><br>Defendants. | NOTICE OF REMOVAL |

PLEASE TAKE NOTICE:

DEFENDANTS GEMINI MOTORS NJ LLC, d/b/a BUICK GMC OF MAHWAH ("Gemini"), and BRIAN DENNIS, ("Dennis"), by and through their attorneys in this action, GALLO VITUCCI KLAR, LLP, respectfully shows this Court as follows:

1. The undersigned is an attorney admitted to practice and in good standing before the Courts of the State of New Jersey and this honorable Court, who is a partner in GALLO VITUCCI KLAR, LLP, attorneys for defendants Gemini and Dennis in this action.

## PARTIES

2. Gemini is a limited liability company organized and existing pursuant to the law of the State of New Jersey that maintains business premises at 386 NJ-17 South, Mahwah, NJ 07430, that engages in the retail sale of automobiles to the general public.

3. Brian Dennis is a natural person and chief executive officer of Gemini.

4. Plaintiff MATTHEW RUBENACKER, ("Rubenacker"), who claims to be a resident of Wayne, NJ, is an individual who, upon information and belief, entered into a series of written agreements, as "Buyer", pursuant to which he purchased a certain used 2019 GMC Yukon assigned VIN 1GKS2BKC0KR390140, ("the Yukon"), on or about November 4, 2022, from Gemini, as "Seller".

## PROCEDURAL HISTORY

5. Upon information and belief, on or about May 14, 2024, Plaintiff MATTHEW RUBENACKER commenced the above-captioned action by filing pleadings consisting of a document titled, "Class Action Complaint and Jury Demand" with Exhibits "A" through "E", collectively annexed hereto as Exhibit "A", (collectively, "the Complaint"), in the Superior Court of the State of New Jersey Law Division (Bergen County).[1]  Plaintiff's action was assigned Docket Number BER-L-2841-24.

6. On or about May 24, 2024, written putative proof of service was filed with the New Jersey Superior Court Law Division, (Bergen County) as evidence that service of the Complaint had been effectuated on Gemini.  Plaintiff's Affidavit of Service, a true copy of which is annexed hereto as Exhibit "B", asserts that Gemini was served by delivery of the papers at 366 Rt 17 S,

---

[1] Each annexed exhibit has been paginated to create a single sequence extending from the start of Exhibit "A" to the last page of the last exhibit.  Citations herein will be to the specific page of each exhibit when necessary.

Mahwah, NJ 07430, to an individual named Diana Contreras, said individual being alleged to be a person authorized to accept service on Gemini's behalf. *See* Exhibit "B" at Gem0057.

7. Putative proof of service of the Complaint on defendant Dennis was also filed with the Superior Court, a true copy of which is annexed hereto as Exhibit "B" at Gem0058. Plaintiff's Affidavit of Service asserts that Dennis was served by leaving the Complaint with Diana Contreras, an individual described by Plaintiff's process server as a person authorized to accept service, at business premises located at 366 Rt 17 S, Mahwah Township, NJ 07430. *See* Exhibit "B" at Gem0058.

8. New Jersey Rules of Court Rule 4:4-4(a) sets forth the method permitted in State court to obtain *in personam* jurisdiction. None of the specified methods allows for delivery of papers to an individual of suitable age and discretion at a defendant's place of employment.

9. Rule 4:4-4(a)(4) allows service upon an "individual proprietor and real property owner" to be effectuated by delivery of pleadings to a managing or general agent employed by the individual in such business when the action arises out of the business in which the individual is engaged within the State of New Jersey. *N.J. Rule* 4:4-4(a)(4). By contrast, it is a matter of public record that Gemini is (as alleged in the Complaint) a limited liability company, and no allegation has been or can be made that Dennis is an "individual proprietor" or "real property owner" for purposes of this action.

10. Rather, the Complaint alleges that Dennis is the "president and CEO of Gemini", a business operating at 386 Rt. 17 S, Mahwah Township, NJ. *See* Exhibit "A" at ¶ 6. This is the same address set forth for Gemini on the sales documents annexed to the Complaint as exhibits. *See* Exhibit "A" at Gem0029 *et seq.* Thus, delivery of the Complaint, a pleading that asserts individual claims against Dennis personally, must be made by personal delivery to him, a person

of suitable age and discretion at his usual place of abode, or to an individual he has expressly authorized to accept service on his behalf. *See N.J. R.* § 4-4(a)(1).

11. By contrast, Plaintiff's putative proof of service reflects that the pleadings were delivered to business premises at 366 Rt 17 S, Mahwah.

12. On or about July 2, 2024, the undersigned counsel for Gemini and Dennis made Plaintiff's counsel aware that service of process had been performed in a legally defective manner. Annexed hereto as Exhibit "C" is a true copy of a stipulation entered into by and between the parties pursuant to which: (a) the Affidavits of Service previously filed with the Superior Court by Plaintiff's counsel were deemed withdrawn, null and void, *nunc pro tunc*; (b) the undersigned counsel for Defendants agreed and was authorized to accept service of the Complaint solely for purposes of the instant action and solely for purposes of expediently resolving disputes regarding personal jurisdiction of the State Court over defendants; and (c) the aforesaid service was deemed complete upon execution of the stipulation by Plaintiff's counsel. *See* Exhibit "C" at Gem0060 – Gem0061.

13. Plaintiff's counsel executed the Stipulation on July 2, 2024. *See* Exhibit "C" at Gem0061.

14. The instant Notice of Removal is being filed with the Court within thirty (30) days after service of process as set forth above and receipt by defendant Dennis of a copy of the initial pleadings, and therefore, upon information and belief, is timely pursuant to 28 U.S.C. § 1446.

15. There have been no further proceedings in the Superior Court of New Jersey Law Division (Bergen County), in connection with this action.

## NATURE OF ACTION

16. Plaintiff seeks judgment for declaratory relief and unspecified monetary damages as a result of allegedly unlawful conduct by Defendants in the course of sale to him of the Yukon. In particular, Plaintiff contends *inter alia* that Defendants are engaged in interstate commerce and use "standard Retail Purchase Orders" in the course of selling motor vehicles to members of the public.

17. In particular, Plaintiff contends that he conducted a test drive of the Yukon, negotiated a purchase price, and thereafter signed a series of sales documents including a Retail Purchase Agreement that incorporated "standard" Retail Purchase Orders. *See* Exhibit "A" at ¶¶ 29 – 39. Pursuant to the Retail Purchase Agreement, the total amount due for purchase of the Yukon, including fees allocable to warranty plans and service contracts specified, totalled $55,281.50. *See* Exhibit "A" at Gem0029. Per these documents, Plaintiff received a $10,000.00 allowance for trading in a 2015 Honda Pilot with 150,000 miles that he had purchased new seven (7) years earlier. *See* Exhibit "A" at ¶¶ 17-19. Plaintiff financed the remaining unpaid balance for purchase of the Yukon. *See* Exhibit 'A" at Gem0029.

18. In addition to purchasing the Yukon itself, as Plaintiff's Complaint discloses, Plaintiff also purchased a Vehicle Service Contract administered by DOWC assigned Contract No. SWCVB006580. *See* Exhibit "A" at Gem0031. As per the document annexed to and incorporated by reference into the Complaint, Plaintiff agreed that the service contracts terms were to "be interpreted in accordance with those of a 'service contract' under 15 U.S.C. 2301 and other relevant federal and state law provisions." *See* Exhibit "A" at Gem0031[2]. Plaintiff further agreed, on the face of the annexed exhibit, that the terms and conditions of the Vehicle Service Conrtract "amends

---

[2] The aforesaid provision has been highlighted for each of reference in the annexed exhibit.

my Finance Contract and constitutes the entire agreement regarding the GAP Amount and GAP Plus Amount, if purchased, between me, the Dealer/Creditor, and Assignee/Lienholder." *See* Exhibit "A" at Gem0032.

19. Plaintiff's Retail Purchase Agreement also included as a line-item element of the $55,281.50 "total amount due" a charge for $499.00 for a "Documentary Service Fee". *See* Exhibit "A" at ¶¶ 1 – 2 and Gem0029. Plaintiff *inter alia* seeks recovery of declaratory, injunctive, compensatory and punitive damages based on a claim that Gemini's use of "standard Retail Purchase Orders" and the line item described above violated allegedly applicable and controlling NJ regulations that mandate a more particularized itemization of these costs.

20. Plaintiff moreover asserts a right to seek relief on behalf of a class of consumers whom he contends have been subject to similar allegedly unlawful conduct, justifying class-based relief. *See* Exhibit "A" at ¶ 3.

## BASIS FOR REMOVAL

21. As detailed below, despite Plaintiff's manifest attempt to avoid articulating claims in the Complaint based on federal as opposed to State law, Plaintiff's pleading nonetheless involves questions of liability based on questions of federal law. This Court accordingly is vested with subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1331, and this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

22. The Third Circuit has explained:

> Although the well-pleaded complaint rule would ordinarily bar the removal of an action to federal court where federal jurisdiction is not presented on the face of the plaintiff's complaint, the action may be removed if it falls within the narrow class of cases to which the doctrine of "complete pre-emption" applies. As a corollary of the well-pleaded complaint rule, complete pre-emption recognizes that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.

*Pascack Valley Hosp. v. Loc 464A Welfare Reimbursement Plan,* 388 F.3d 393, 399-400 (3d Cir. 2004) (citations omitted); *see also* Metro. Lif. Ins. V. Taylor, 481 U.S. 58, 63 (1987). ("When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.").

23. Thus, even where a plaintiff fails – or avoids – to interpose a specific reference in the complaint to a source of federal law that is clearly applicable, such chicanery will not prevent removal. "In order to ensure the defendant the federal forum to which he may be entitled, the court may adopt the uncharacteristic posture of looking beyond the letter of the complaint in order to assert federal question jurisdiction, rather than defeat it." Wright, Miller & Cooper, *Fed. Prac. & Proc.: Jurisdiction 2d* § 3722. As the Supreme Court has noted, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. Of State of California v. Const. Laborers Vac. Trust for Southern Ca.*, 463 U.S. 1, 22 (1983). Fundamental fairness as well as a need to protect federally-regulated industries from economic peril due to regulatory Balkanization mandates recognition of this exception to the traditional doctrine that a party who brings suit is the master to decide what law he will rely upon. *Avco Corp. v. Aero Lodge No. 735, Int'l Assoc. of Machinists,* 376 F.2d 337, 339-40 (6th Cir. 1967), *aff'd*, 390 U.S> 557 (1968).

24. The Supreme Court's holding in *Avco Corp.* illustrates both the policy-based foundation for this doctrine and the need to apply it with a measure of flexibility. In that case, petitioner filed suit in state court alleging simply that it had a valid contract with the respondent, a union, under which the respondent had agreed to submit all grievances to binding arbitration and not to cause or sanction any "work stoppages, strikes, or slowdowns." The petitioner further alleged that the respondent and its officials had violated the agreement by participating in the

sanctioning work stoppages, and it sought temporary and permanent injunctions against further breaches.

25. Thus, it was clear that, had petitioner invoked it, there would have been a federal cause of action under § 301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185, *see Textile Workers v. Lincoln Mills*, 353 U.S. 448 (1957), and that, even in state court, any action to enforce an agreement within the scope of Section 301 would be controlled by federal law and rely on terms defined by federal rather than State law. *See Teamsters Local 174 v. Lucas Flour Co.*, 369 U.S. 95, 103–104 (1962).

26. Plaintiff challenged defendant's removal of the petition to federal court. In the appeal that ultimately arose, the Supreme Court affirmed that the petitioner's action "arose under" the federal statute, Section 301, insofar as the terminology used in the State-law doctrines and which would necessarily be relied upon to ultimately adjuticate the dispute was derived from federal law. On this basis, the Supreme Court concluded that the District Court's subject-matter jurisdiction had been properly invoked when defendant removed the action from State court, even though plaintiff had pleaded an adequate claim for relief under the state law of contracts and had sought a remedy available only under state law. *Avco Corp.,* 390 U.S. 557 (1968) (cited in *Franchise Tax Bd. Of State of CA,* 463 U.S. at 23-24.

27. Abundant New Jersey caselaw eliminates any question that the State-law schemes Plaintiff identifies in the Complaint in this matter are derived from federal enactments intended to create uniform commercial environments for industries that have an unavoidably interstate character. The forms used for Plaintiff's purchase, the disclosures provided, and the manner the elements of the transction were itemized all are based on Regulation Z and the Truth in Lending Act, ("TILA"), 15 U.S.C. § 1601, *et seq.*

28. In *Harris v. Credit Acceptance Corp.*, 2022 WL 475618, Action No. 21-12986 (DNJ Feb. 16, 2022) (Quraishi, D.J.), *aff'd*, 2022 WL 4533854 (3d Cir. 2022), a matter that was resolved by means of an unpublished opinion in 2022, this Court was confronted with a situation virtually identical to the matter at bar. Before reaching ultimately dispositive issues regarding enforcement of the arbitration provisions which, as in the instant action, were incorporated in the operative written agreements, the Court was required to evaluate whether the Court was vested with subject matter based on federal question.

29. The Court recognized that despite an absence of express reliance on federal law in the Complaint, the District Court was vested with subject matter jurisdiction under 28 U.S.C. § 1331 due to the nature of the transactions at issue. *Id.* at *5. On appeal, the Third Circuit necessarily considered this threshold question and concurred with this Court's resolution of the jurisdictional issue. *Harris*, 2022 WL 45338534 (3rd Cir. 2022).

30. The propriety of removal of this action is further confirmed by careful scrutiny of the pleading itself, and its incorporation of agreements that expressly rely on TILA for their construction.

31. TILA is both a remedial statute and an exercise of Congress' authority to govern interstate commerce. As such, it gives rise to a broad statutory and regulatory scheme that ultimately seeks to impose regularity on what could otherwise be highly Balkanized requirements applicable to consumer transactions that inevitably have an interstate component. *See, e.g.*, *Kennedy v. BMW Financial Svcs., N.A.*, 363 F.Supp.2d 110, 118-19 n.10 (D.Conn. 2005); *Psensky v. American Honda Finance Corp.*, 378 N.J. Super. 221 (App. Div. 2005) (citing 15 U.S.C. § 1641(a)). As the Second Circuit has noted:

> When Congress mandates complete preemption in a specific area of the law, any civil complaint raising a state law claim in that area is of necessity so federal in

character that it arises under federal law and permits removal to federal court under
28 U.S.C. § 1441. Complete preemption prevents plaintiffs from denying a defendant access to federal court if the actual nature of the complaint is federal, by artfully pleading a complaint as including solely state law claims.

*Ciccio v. John Does 1-8*, 321 F.3d 83, 92 (2d Cir. 2003) (citations omitted). *See also Plumbing Indus. Bd. v. E.W. Howell Co.*, 126 F.3d 61, 66 (2d Cir. 1997).

33. In other words:

On occasion, the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

33. As the Second Circuit has further characterized:

The complete premption doctrine therefore is not really an exception to the well-pleaded complaint rule, but a corollary to it. When federal common *or statutory* law so utterly dominates a preempted field that all claims brought within that field necessarily arise under federal law, a complaint purporting to raise state law claims in that field actually raises federal claims. Therefore, the well-pleaded complaint rule is satisfied, and removal is proper.

*Marcus v. AT&T Corp.,* 138 F.3d at 55 (citations omitted).

34. A related doctrine, or alternate characterization of the underlying principle as the "artful pleading" rule, has been applied to prevent a plaintiff from avoiding federal jurisdiction by "omitting from the complaint allegations of federal law that are essential to the establishment of his claim." *Lippitt v. Raymond James Financial Services, Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Thus, in cases in which "a substantial, disputed question of federal law is a necessary element of . . . the well pleaded state claim", or where a right to relief depends upon resolution of a substantial, disputed federal question", removal may be sought and subject matter jurisdiction

may be invoked based on federal question jurisdiction. *See also Psensky v. Am. Honda Fin. Corp.*, 378 N.J.Super. 221 (NJ App. Div. 2005) (holding that Truth n Lending Act presempted State-law disclosure claiom against auto dealership); *see also*

35. In *Marcus*, the Second Circuit affirmed removal of an action which alleged state-law breach of warranty claims based on the argument that these claims nonetheless and necessarily implicated federal questions of law since defendant's conduct was subject to tariffs filed with the federal government pursuant to the Federal Communications Commission Act. *Id.* Here, Plaintiff contends that itemization of transaction details mandated by and compliant with the federal regulations nonetheless exposes Gemini to potential treble punitive damages claims on behalf of a class of customers. The New Jersey regulations that Plaintiff ostensibly seeks to enforce, however, are themselves derived from the federal standard.

WHEREFORE, defendants GEMINI MOTORS NJ LLC, d/b/a BUICK GMC OF MAHWAH and BRIAN DENNIS respectfully request that the above-captioned action, presently assigned Superior Court of New Jersey Law Division (Bergen County) Docket No. BER-L-2841-24, be removed from the New Jersey Superior Court, that the Clerk of said Court be directed to transfer and furnish the complete electronic or other file maintained by said State Court to the within Court, and that the Court grant such other, further and different relief as the Court deems just and proper.

Dated: August 1, 2024

GALLO VITUCCI KLAR LLP
By: _____
William H. Grae, Esq.
Attorneys for Defendants